**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chester Marks,<br><br>    Plaintiff,<br><br>vs.<br><br>Labor Ready Southwest, Inc.; Robert Derway,<br><br>    Defendants.<br>_____<br>Chester Marks,<br><br>    Plaintiff,<br><br>v.<br><br>Labor Ready Southwest, Inc.; Roy Eustey,<br><br>    Defendants.<br>_____<br>Chester Marks,<br><br>    Plaintiff,<br><br>Labor Ready Southwest, Inc.; John Derose,<br><br>    Defendants.<br>_____ | CV 08-1380-PHX-JAT (lead)<br>CV 08-1381-PHX-JAT (cons)<br>CV 08-1382-PHX-JAT (cons)<br><br>**ORDER** |

On July 28, 2008, Plaintiff filed three lawsuits. Each names Labor Ready Southwest, Inc. as a Defendant. Then, each action adds a different individual Defendant. Other than changing the individual Defendant's name, the three complaints are identical. Federal Rule of Civil Procedure 42 provides: "If actions before the court involve a common question of

1 law or fact, the court may: ...(b) consolidate the actions." The Court finds this cases to
2 involve common questions of law and fact and will consolidate all three actions.

3 Pending before the Court is Plaintiff's motion to proceed in forma pauperis. The
4 Court has concluded that Plaintiff's complaint should be screened pursuant to 28 U.S.C. §
5 1915(e)(2) before it is allowed to be served. Therefore, the court will do so in this order.

> Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)("section 1915(e) applies to all in forma pauperis complaints"). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious.

13 *Kennedy v. Andrews*, 2005 WL 3358205, *2 (D. Ariz. 2005).

14 Further, "To state a federal claim, it is not enough to invoke a constitutional provision
15 or to come up with a catalogue of federal statutes allegedly implicated. Rather, as the
16 Supreme Court has repeatedly admonished, it is necessary to state a claim that is substantial."
17 *Noatak v. Hoffman*, 896 F.2d 1157, 1166 (9th Cir. 1990) (Kozinski, J. dissenting) (majority
18 opinion *rev'd* 501 U.S. 775 (1991)); *see also Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955,
19 1965 n.3 (2007).

20 In this case, Plaintiff catalogues a list of federal theories, specifically, the Complaint
21 states:

> Count One: Plaintiff's fundamental constitutional rights have been violated under the fourteenth amendment of the United States Constitution; Count two: Plaintiff's fundamental constitutional rights are protected under the fourteenth amendment of the United States Constitution from capricious and arbitrary action; Count three: Plaintiff's fundamental constitutional rights are protected under the fourteenth amendment to the United States Constitution from unhidden disclosures of evidence: Count four: Plaintiff's fundamental constitutional rights are protected under the fourteenth amendment of the United States Constitution from fabricated allegations against him by Defendants and other daily labor ready workers; Count five: Plaintiff's fundamental constitutional rights are protected under the fourteenth amendment of the United States Constitution to obtain Labor Ready Southwest, Inc. security video for the purpose of proving his innocent [*sic*] in

<blockquote>
the court of law; Count Six: Plaintiff's fundamental constitutional rights are protected under the fourteenth amendment of the United States Constitution from being subjected to financial burden, stress, mental anguish, illegal punishment and disciplinary action by defendants.
</blockquote>

Doc. #1 at 3-4.

Preliminarily, all of Plaintiff's allegations appear to be frivolous because there is no allegation that any defendant is a state actor and subject to suit for alleged fourteenth amendment violations. Further, none of the counts allege facts sufficient to state a claim under *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 n.3 (2007). Finally, even if Plaintiff were given the benefit of the doubt that he could allege facts, none of his "counts" appear to actually state a fourteenth amendment violation. *See Noatak*, 896 F.2d at 1166 (Kozinski, J. dissenting) (Plaintiff cannot simply invoke a constitutional provision).

For the foregoing reasons, the Court finds Plaintiff's complaint fails to state a claim and is frivolous. The Court will give Plaintiff <u>ONE</u> opportunity to amend the complaint. Plaintiff must:

<blockquote>
make clear his allegations in short, plain statements with each claim for relief identified in separate sections. In the amended complaint, Plaintiff must write out the rights he believes were violated, the name of the person who violated the right, exactly what that individual did or failed to do, how the action or inaction of that person is connected to the violation of Plaintiff's rights, and what specific injury Plaintiff suffered because of the other person's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). Each claim of an alleged violation must be set forth in a separate count. Any amended complaint filed by Plaintiff must conform to the requirements of Rules 8(a) and (e)(1) of the Federal Rules of Civil Procedure.
</blockquote>

*Kennedy*, 2005 WL 3358205, *3 (D. Ariz. 2005).

Further, like the Plaintiff in *Kennedy*,

<blockquote>
**Plaintiff is warned that if he elects to file an amended complaint and if he fails to comply with the Court's instructions explained in this order, the action will be dismissed pursuant to section 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure.** *See McHenry*, 84 F.3d at 1177 (affirming dismissal with prejudice of prolix, argumentative, and redundant amended complaint that did not comply with Rule 8(a)); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981)(affirming dismissal of amended complaint that was "equally as verbose, confusing, and conclusory as the initial complaint"); *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965)(affirming dismissal without leave to amend second complaint that was "so verbose, confused and redundant that its true substance, if any, [was] well disguised").
</blockquote>

1 | *Kennedy*, 2005 WL 3358205, *3 (D. Ariz. 2005) (emphasis added).

2 | Based on the foregoing,

3 | IT IS ORDERED that CV 08-1381 and CV 08-1382 are consolidated with CV 08-1380; CV 08-1380 is the lead case and all future filings shall be in CV 08-1380-PHX-JAT.

5 | IT IS FURTHER ORDERED that Plaintiff shall file an amended complaint, consistent with this Order within 30 days of the date of this Order, or the case will be dismissed (and in forma pauperis status denied) for the reasons discussed above.

8 | DATED this 6th day of August, 2008.

James A. Teilborg
United States District Judge

- 4 -