**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CHESTER LEE MARKS,<br><br>    Plaintiff,<br><br>vs.<br><br>LABOR READY SOUTHWEST, INC.;<br>ROBERT DERWAY, ROY EUSTEY, and<br>JOHN DEROSE,<br><br>    Defendants. | No.: CV2008-001380-PHX-JAT (lead)<br>      CV2008-001381-PHX-JAT (cons)<br>      CV2008-001382-PHX-JAT (cons)<br><br>**ORDER** |

Pending before the Court is Defendant's Motion to Dismiss (Doc. #13). Defendant Labor Ready Southwest, Inc. ("Labor Ready") alleges that all claims must be dismissed under the doctrine of *res judicata*. Plaintiff argues his claims are not barred by *res judicata* because his prior claims were wrongfully dismissed.

### I.   FACTUAL BACKGROUND

On May 10, 2007, Plaintiff Chester Lee Marks filed suit, CV 07-953-PHX-MHB ("*Marks I*"), against Labor Ready and a Labor Ready employee, Lori Brown, alleging race discrimination and retaliation under Title VII and violations of his Fifth, Sixth, and Fourteenth Amendment rights. (Defendant's Motion to Dismiss, Doc. #13, Exh. A, p. 1-2.) Mr. Marks alleged that Labor Ready wrongfully terminated him when Labor Ready fabricated information that he shoved, shouted, and was abusive toward other Labor Ready employees while waiting in line to receive his paycheck. In *Marks I*, Labor Ready filed a

1  Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The
2  Court ordered Mr. Marks to respond to the Motion to Dismiss no later than October 31, 2007.
3  Mr. Marks failed to respond, and the Court in *Marks I* granted the Motion to Dismiss
4  pursuant to Local Rule of Civil Procedure 7.2(i), and on the merits. Mr. Marks did not
5  appeal.

6  On July 28, 2008, Mr. Marks filed a new complaint against Labor Ready alleging Title
7  VII race discrimination and retaliation arising from the same employment incident described
8  in *Marks I*.[1] (Complaint, Doc. #1.) On November 21, 2008, Labor Ready filed a Motion to
9  Dismiss based on *res judicata*. (Defendant's Motion to Dismiss, Doc. #13.)

**II.   DISCUSSION**

**A.   Standard of Review**

Labor Ready raises *res judicata* in their Motion to Dismiss under Rule 12(b)(6). Generally, affirmative defenses like *res judicata* must be raised in responsive pleading, but when the defense raises no issue of disputed fact, it is appropriate to file a Motion to Dismiss. *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984).

The doctrine of *res judicata* protects "litigants from the burden of relitigating an identical issue" and promotes "judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979). The court bars a claim where there is an identity of claims, a final judgment on the merits, and privity between parties. *See Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005). An identity of claims exists if the two actions arise out of the same transactional nucleus of facts. *Burlington N. Santa Fe R.R. v. Assiniboine & Sioux Tribes*, 323 F.3d 767, 770 (9th Cir. 2003).

---

[1] Mr. Marks actually filed three separate claims each naming Labor Ready as a defendant. This Court in its August 8, 2008 Order consolidated those claims into this lead case.

**B.**   *Res Judicata*

Labor Ready argues that Mr. Marks previously filed a lawsuit in this Court raising the same issues he now raises, and his claims are therefore barred under the doctrine of *res judicata*. (Doc. #13, p. 3.) Mr. Marks concedes that he raises the same issues against Labor Ready as he did in *Marks I*.[2] (Plaintiff's Response to Motion to Dismiss, Doc. #18, p. 1.) Mr. Marks argues solely that his previous claim was wrongfully dismissed and therefore should not bar his new complaint under *res judicata*. (*Id.* at 3.)

Because it is undisputed that the claims and parties in *Marks I* are identical to those in this case, the claim is barred by *res judicata* if there was a final judgment on the merits. In *Marks I*, the court granted Defendant's Rule 12(b)(6) Motion to Dismiss based on a review of Labor Ready's arguments and on Mr. Mark's failure to respond to Defendant's Motion to Dismiss pursuant to Local Rule of Civil Procedure 7.2(i). (Doc. #13, p. 2.) An involuntary dismissal based on a failure to respond is an adjudication of the merits, unless otherwise specified. Fed.R.Civ.P. 41(b). Moreover, the Court also based its decision to dismiss on a review of the merits. (Order, Doc. #39, in *Marks I*, p. 1 "Having reviewed the entire record, the Court finds that the uncontroverted papers of Defendants are sufficient to support their assertions that Defendants did not violate Plaintiff's rights."). Accordingly, the dismissal in *Marks I* constituted a final judgment on the merits.

Mr. Marks's argument that *res judicata* should not bar his claim because *Marks I* was wrongfully dismissed has no support in federal law. The doctrine of *res judicata* is a bar to any future action based on the same claim where there was an adverse judgment from which no appeal was taken. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n. 4 (1981); *Orion Tire Corp. v. Goodyear Tire & Rubber Co.*, 268 F.3d 1133, 1136 (9th Cir. 2001). The doctrine of *res judicata* was created on the principle that "[a] judgment merely voidable

---

[2] Mr. Marks does not address the new issues he raises of conspiracy and perjury in his response to the Motion to Dismiss. This Court therefore takes his admission that the issues he presents were already raised in *Marks I* as a concession that these new claims could have been raised in the prior litigation and are now barred.

because [its] based upon an erroneous view of the law is not open to collateral attack, but can be corrected *only by a direct review* and not by bringing another action upon the same cause." *Orion Tire Corp.*, 268 F.3d at 1136 (quoting *Federated Dep't Stores*, 452 U.S. at 398). *Res judicata* applies even if the previous judgment may have been wrong or rested on a subsequently overruled legal principle. *Federated Dep't Stores, Inc.*, 452 U.S. at 398.

Because Mr. Marks has brought the same claims in the current case that he did in *Marks I* and the Court previously dismissed those claims in a final judgment on the merits, *res judicata* applies to his pending claims. If Mr. Marks disagreed with the dismissal in *Marks I*, he should have asked for reconsideration or appealed the judgment. He cannot collaterally attack the prior judgment by simply refiling the same claims in a new case. Accordingly, his claim against Labor Ready is barred and this case is dismissed.

Based on the foregoing,

**IT IS ORDERED** granting the Defendant's Motion to Dismiss (Doc. # 13). This Order disposes of all of Plaintiff's claims.

**IT IS FURTHER ORDERED** denying Plaintiff's Motion for Court Order to Hire Video Handwriting Forensic Rosemarie Urbanski at Federal Government Expense (Doc. #37) as moot.

DATED this 7th day of April, 2009.

James A. Teilborg
United States District Judge